UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: OCT 1 1 2017

Nicolas Paguay,

                    Plaintiff,

        —v—

Toledo 35, Inc., *et al.*

                    Defendants.

16-CV-4884 (AJN)

MEMORANDUM AND
ORDER

ALISON J. NATHAN, District Judge:

On June 23, 2016, the Plaintiff, Nicolas Paguay, filed a complaint in the Southern District
of New York alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et
seq.*, and the New York Labor Law ("NYLL"), Art. 19 §§ 190 and 650 *et seq.  See* Dkt. No. 1.
On December 13, 2016, the parties informed the Court that they had reached a settlement.  *See*
Dkt. No. 15.  On December 22, 2016, the parties submitted a fully executed settlement
agreement for the Court's approval, *see* Dkt. No. 17-1 (hereafter "Settlement"), along with a
joint letter explaining their views on the fairness of the settlement.  *See* Dkt. No. 17 (hereafter
"Joint Letter").  The settlement agreement provides for a settlement fund of $38,000, and counsel
has moved for an attorney's fee of $12,482.66, and reimbursement for $552.02 in costs.
Settlement at 1.  For the following reasons, the Court approves the settlement, fee request, and
cost reimbursement request in full.

## I.    LEGAL STANDARD

In order to serve the FLSA's purpose of ensuring "a fair day's pay for a fair day's work,"
settlements in FLSA cases must be approved by a court or by the Department of Labor.  *Cheeks
v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206 (2d Cir. 2015) (quoting *A.H. Phillips, Inc. v.*

1

*Walling*, 324 U.S. 490, 493 (1945)).  As a result of this requirement, the Plaintiff's claims in this case cannot be dismissed with prejudice until the Court determines that the settlement is "fair and reasonable." *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012).  A "fair and reasonable" settlement is one that "reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Mamani v. Licetti*, No. 13-CV-7002(KMW)(JCF), 2014 WL 2971050, at *1 (S.D.N.Y. July 2, 2014) (internal quotation marks omitted).

## II.   DISCUSSION

In the joint letter, the parties persuasively argue that the settlement is fair and reasonable, as both a substantive and procedural matter.  The settlement amount represents approximately eighty percent (80%) of Plaintiff's actual damages according to Plaintiff's counsel's damages analysis, and thirty-seven percent (37%) of Plaintiff's alleged total damages, including liquidated damages, interest, and penalties. Joint Letter at 2.  To explain the settlement amount, Plaintiff provides a full accounting of his maximum recovery, *see id.*, and notes that he settled for a lower amount in recognition of the risks posed by litigation generally, as well as the risks specifically inherent in establishing the calculated damages at trial. *Id*. at 2-3.  Plaintiff also represents that there were potential collectability risks, as continued litigation could have put Defendants into bankruptcy. *Id.*  Procedurally, the parties negotiated at arm's length over several months, debating "the merits and value of Plaintiff's claims and the Defendants' defenses and ability to pay." *Id.* at 3.  The Court thus approves the settlement amount.

The Court also approves counsel's request for attorneys' fees and costs.  The Court agrees with other judges in this district that, when assessing the reasonableness of an attorney's fee on the basis of its percentage of the settlement, it is fairer to look to the percentage of the

settlement net costs. *Zhang v. Lin Kumo Japanese Rest., Inc.*, No. 13-cv-6667(PAE), 2015 WL 5122530, at *1 & n.1 (S.D.N.Y. Aug. 31, 2015). Here, the settlement is $38,000 less the $552.02 in costs, and $12,482.66 represents 1/3rd of the net settlement. Courts routinely award 1/3rd of a settlement fund as a reasonable fee in FLSA cases. *See Zhang*, 2015 WL 5122530, at *4 (collecting cases). A rate of one-third also reflects the contingency fee in the retainer agreement between Plaintiff and his counsel. Joint Letter at 4.

Using the lodestar as a "cross check" further demonstrates the reasonableness of this amount. The lodestar in this case (not including costs and disbursements) is $10,657.50, Dkt. No. 17-2, at 9, reflecting a billing rate of $300/hr for Taylor B. Graham and $450/hr for Brent E. Pelton, partners with Pelton Graham LLC, $275/hr and $225/hr for associates Joanne M. Albertsen and Kristen Boysen respectively, and rates from $125-$175/hr for three paralegals. Dkt. No. 17-2, at 2-3. These rates are reasonable for this district, *see Allende v. Unitech Design, Inc.*, 783 F. Supp. 2d 509, 514-15 (S.D.N.Y. 2011) (collecting cases on reasonable hourly rates), and the resulting multiplier of approximately 1.2 is below amounts regularly approved. *See DeMunecas v. Bold Food, LLC*, No. 09-CV-440(DAB), 2010 WL 3322580, at * 10 ("Courts regularly award lodestar multipliers from 2 to 6 times lodestar.").

The Court thus approves the fee and costs requests.

## III.    CONCLUSION

In sum, the Court approves the settlement and the request for fees and costs in full. The Clerk of the Court is ordered to close the case.

SO ORDERED.

Dated: October _____, 2017
      New York, New York

                                    ALISON J. NATHAN
                            United States District Judge